## FIXING THE VALUE OF EXTRAORDINARY SERVICES.

Circuit Court of Cuyahoga County.

CARRIE G. PRENTISS v. EZRA WOODS.

Decided, April 20, 1912.

*Administrator—Allowance for Extraordinary Services.*

The mere fact that an allowance to an administrator for extraordinary services rendered his estate seems somewhat large will not warrant the circuit court, on error, in reversing the judgment, the probate judge, with his expert knowledge of the value of such services having first fixed the amount, and the common pleas court, on appeal, having fixed the same amount.

*Otis, Beery & Otis*, for plaintiff.
*Grant, Seiber & Mather*, contra.

WINCH, J.; MARVIN, J., and NIMAN, J., concur.

This case originated in the Probate Court of Summit County, by plaintiff filing exceptions to the account of defendant as administrator of the estate of Prof. Bates, deceased, in which he

claimed $500 extra compensation for extraordinary services rendered the estate. The probate judge heard the parties and their evidence on these exceptions and allowed the claim of the administrator.

On appeal to the common pleas court, it did the same thing.

The case is here on error, with a bill of exceptions showing all the evidence taken on the hearing in the common pleas court, and we are asked to reverse its judgment solely on the weight of the evidence.

It appears that Prof. Bates died in California, leaving some personal and real property there. He left some personal property located here at the time of his death, and some located in Massachusetts.

Defendant applied for and was granted letters of administration in Summit county, Ohio, and at once set about obtaining possession of the assets in the other two states. He was met with the claim that Prof. Bates was a resident of California at the time of his death. This claim was important, for if true, it altered the distribution of the estate.

Prof. Bates left a widow and no children. Under the laws of Ohio, his widow would inherit his entire estate; under the laws of California, she would inherit but half of it, and his sister, plaintiff herein, would inherit the other half.

In the settlement of this question, depositions had to be taken in Oregon and in California; services of counsel were required, with many consultations and directions; the hearing on this question was long and it was hotly contested; defendant lost the point, but still continued, under advice of counsel, in his effort to bring all the assets of the estate under one administration here, so as to save expense and loss.

He succeeded, with some considerable labor, in securing possession of the Massachusetts assets; meanwhile the public administrator in California made claim to the assets there, but the administrator here, after much delay, considerable trouble and by good management, secured control of the personal assets in California. The real estate there remains for administration by the California public administrator under the laws of that state.

In all, defendant has administered upon about $25,000 of assets.

The foregoing is a summarized statement of defendant's unusual service in this estate; it does not set forth the many little things he did in connection with the collection of the Massachusetts and California assets, and some unusual trouble he had in the collection of part of the Ohio assets.

It is apparent that defendant performed some services for the estate in his charge which an administrator in this state is not ordinarily called upon to perform.

Ordinarily the estate of a deceased resident of Ohio is located at his residence, and the administrator has little trouble in reducing it to his possession, converting it into money and distributing it.  For these services he is compensated by a percentage, not large, as any other agent is compensated.  But where, as here, he renders unusual services, they are by statute denominated extraordinary services, and for them he is entitled to additional compensation.

The two courts below undertook to fix the value of the extraordinary services, which were without doubt rendered by this administrator.  That he was entitled to *some* extra compensation is equally without doubt.  The amount fixed, $500, seems large, but it is not so large that this court, without recent experience in such matters, can say that the probate judge, with his intimate knowledge of the value of such services, got it too large.  The probate judge is an expert in such cases.  We bow to his judgment.

Judgment affirmed.